UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SANTONIO HOUSE, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 2:15-cv-00143-WTL-DKL |
| ) | |
| LEANN LARIVA, Warden, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Santonio House is confined in this District and was formerly confined at the Federal Correctional Institution at Pekin, Illinois ("Pekin"). While at Pekin, House was disciplined for violating prison rules. Now contending that the disciplinary proceeding is tainted with constitutional error, House seeks a writ of habeas corpus.

Having considered the habeas petition, the subsequent pleadings and the expanded record, and being duly advised, the court finds that House's petition for writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

1. "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975). In a setting such as presented by House, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a hearing officer be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445, 454 (1985).

    2.    The pleadings and the expanded record show the following:

    a.    On April 8, 2013, an incident report was issued charging House with violating prison rules by (1) possessing a weapon, and (2) possessing intoxicants. This was assigned Number 2430303. This incident report recited that House was in possession of the specified contraband on April 8, 2013.

    b.    A hearing was held on May 8, 2013. House was present at the hearing. He requested no witnesses and waived his right to have a staff representative present, but did make a statement regarding the charges.

    c.    The hearing officer found House guilty of each charge. More specifically, the hearing officer found that during a search of House's cell during the morning of April 8, 2013, a homemade weapon was found. The hearing officer also found that a bag containing three to five gallons of homemade intoxicants was found in the light fixture in House's cell. There were a total of seven or eight inmates assigned to the cell at this time. The hearing officer was aware of that fact and took it into account in making his decision. He did so by questioning each of the other inmates assigned to the cell about knowledge of and responsibility for the contraband. In fact, it is averred in paragraph 26 of the habeas petition that two other inmates of the group were also held accountable for possession of the contraband items.

    3.    Not surprisingly, House contends that there was not sufficient evidence to support his possession of the contraband. He does not dispute that the items described in the incident report were contraband and were found where the incident report describes. Additionally, in the context of a prison disciplinary matter presented here, constructive possession provides sufficient evidence of guilt if relatively few inmates have access to the area. *Flannagan v. Tamez,* 368 Fed.Appx 586,

588 (5th Cir. Mar. 5, 2010) (contraband found in the wall near inmate's bunk bed in area shared by six inmates); *McClung v. Hollingsworth,* 2007 WL 1225946, at *3 (4th Cir. April 26, 2007) (contraband found in cell that was the exclusive domain of the inmate and his cellmate); *Santiago v. Nash,* 224 Fed.Appx 175, 177 (3d Cir. Mar. 23, 2007) (contraband found taped to inmate's bed was sufficient evidence where only a small number of inmates were potentially guilty of the offense charged); *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent,* 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates); *see also Pruitt v. Martin,* 582 Fed.Appx 319, 320 (5th Cir. 2014) (evidence that cell phone was found in inmate's bed was sufficient to support disciplinary conviction because he had greater dominion and control over his bed than other inmates and prison rules made him personally responsible for keeping his bed free of contraband). Conversely, constructive possession is not some evidence of guilt if more than a few inmates have access to the contraband, *Austin v. Pazera,* 779 F.3d 437 (7th Cir. 2015), but the record here does not show access to the cell by inmates other than those few who were assigned to live there.

    4.    In this case, even if the evidence of House's possession of the contraband was meager, that was sufficient to satisfy due process. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007). The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill,* 472 U.S. 445, 457 (1985). The only way the court could rule in favor of House is to accept his invitation that the court reweigh the evidence—and that is an invitation the court must **reject.** This is because, in reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record,

independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

5.     "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles House to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 9/17/15

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

SANTONIO HOUSE
Reg. No. 16609-040
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808